IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS VOORHIS and REGINALD LEWIS, individually, and on behalf of a Class of others similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>GREENE COUNTY,<br><br>　　　　　　　　　Defendant. | Case No.<br><br>COLLECTIVE & CLASS ACTION<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff Thomas Voorhis and Reginald Lewis, individually and on behalf of others similarly situated ("Plaintiffs"), by and through their undersigned counsel, for their complaint against Defendant Greene County, hereby state as follows:

1. Plaintiffs worked as correctional officers at the Greene County Jail in Springfield, Missouri.

2. Greene County paid Plaintiffs, and those similarly situated to them, on an hourly basis that did not properly compensate them for all hours worked in an effort to deliberately deny them their earned wages and overtime compensation in violation of the Fair Labor Standards Act ("FLSA") and the Missouri Minimum Wage Law ("MMWL"). Specifically, until early 2019, Greene County automatically deducted a 50-minute meal break from the recorded time of every non-exempt correctional officer below the rank of sergeant at the Greene County Jail for every shift worked. These deductions were made without regard to whether said employee was actually allowed to take such a lunch break.

3. Indeed, correctional officers were never fully released from their duties over their lunch break being forbidden to leave the jail or deactivate their radios. Rather, said corrections officers were subject to responding to all calls that may come over the radio and were rarely, if ever, actually given an uninterrupted meal break at all, much less the 50-minutes that were deducted from the jail employees' time records.

4. Finally, jail employees were sometimes required to perform additional work waiting to be relieved at their assigned post, completing reports, and performing drug tests outside of regular working hours. In each instance, said time was typically not recorded. And all supervisory employees of the Greene County Jail were trained to record a precise number of hours worked in a given shift, regardless of the number of hours the correctional officer actually worked.

5. This lawsuit is brought as a collective action under the FLSA to recover unpaid wages and overtime compensation owed to Plaintiffs and other similarly situated workers employed by Greene County.

6. This lawsuit is also brought as a Rule 23 class action under the MMWL to recover the wages and overtime compensation owed to Plaintiffs and other similarly situated workers employed by Greene County in the State of Missouri.

**JURISDICTION AND VENUE**

7. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Jurisdiction over Plaintiff's MMWL claims is based upon 28 U.S.C. § 1367.

8. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Greene County is deemed a resident of the Western District of Missouri as it is subject to personal jurisdiction in this District. Venue in this division of the Western District of Missouri is proper because Greene County maintains an office in the Southern Division of this Court and a substantial part of the events giving rise to this claim occurred in the Southern Division of this Court.

## PARTIES

9. Greene County is a county organized under Missouri law. *See* Mo. Rev. Stat. § 46.088. Greene County is designated as a first-class county under Mo. Rev. Stat. § 48.020. Greene County is a political subdivision of the State of Missouri.

10. Plaintiff Thomas Voorhis is a resident of the State of Missouri and was employed by Greene County at the Greene County Jail in Springfield, Missouri from August, 2013 through May, 2019

11. Plaintiff Reginald Lewis is a resident of the State of Missouri and was employed by Greene County at the Greene County Jail in Springfield, Missouri from April, 2011 through June, 2019.

## GENERAL ALLEGATIONS

12. Greene County is, and was at all times relevant herein, a county government. Among its responsibilities is administering, maintaining, and staffing the Greene County Jail.

13. The principal job duty of both Plaintiffs, and the similarly situated jail employees they seek to represent, at the Greene County Jail was to be a correctional officer.

14. Plaintiffs, and the similarly situated jail employees they seek to represent, were paid on an hourly basis.

15. Consistent with 29 U.S.C. § 207(k), Greene County utilized a 14-day work week for jail employees. Accordingly, Greene County was liable for overtime for all hours worked beyond 80 in a two-week time-period.

16. Plaintiff and the other jail employees regularly worked more than eighty hours per two-week time-period for Greene County.

17. Greene County nominally recorded the hours worked by Plaintiffs, and the similarly situated jail employees they seek to represent. However, these recordings were done by time-sheets completed by jail employees' supervisors. Said supervisors were trained to almost always record 11.41 hours per shift worked by jail employees, regardless of the number of hours actually spent for the benefit of Greene County. There were certain out of the ordinary times where jail employees were authorized to work "overtime" and would have a different number of hours recorded for their shift.

18. Plaintiffs, and the similarly situated jail employees they seek to represent, typically were scheduled to, and did, work seven days during each two-week time period. Accordingly, Plaintiffs, and the similarly situated jail employees they seek to represent, were typically recorded as working 79.87 hours per two-week time period. Nevertheless, because an hour was automatically deducted each day for an unobtained meal break, Plaintiffs, and the similarly situated jail employees they seek to represent, typically worked at least 85.7 hours per two-week time period.

19. In addition to the automatically deducted lunch periods, Plaintiffs, and the similarly situated jail employees they seek to represent, were sometime required to stay at

4

the jail after their shift to complete reporting paperwork. If this paperwork was completed outside of the scheduled shift, it was typically not recorded on the jail employees' timesheet and therefore went unpaid.

20. Plaintiffs, and the similarly situated jail employees they seek to represent, are not allowed to leave their posts in the jail until workers from the next shift arrive to relieve them. This does not always occur timely. During any given two-week time-period, Plaintiffs, and the similarly situated jail employees they seek to represent, experienced one or more instances where they were required to remain at their post for 15 minutes or longer, after their scheduled shifts. This time was typically unrecorded on the jail employees' timesheets and therefore went unpaid.

21. Plaintiffs, and the similarly situated jail employees they seek to represent, are subjected to random drug testing. Said testing is not performed at the Greene County Jail, rather it is conducted at the county health department office. Plaintiffs, and the similarly situated jail employees they seek to represent, were required to drive from the Greene County Jail to the health department and take the mandatory drug test. This process typically took 30–45 minutes but has taken as long as two hours. This time was typically not recorded on the jail employees' time sheets and therefore went unpaid. Until approximately 1.5–2-years ago, jail employees were also required to drive the results of the test back to the Greene County Jail. This resulted in additional uncounted, and therefore unpaid, time worked.

22. In order to facilitate timely shift changes, the last hour of most shifts' log books were completed in advance and do not accurately reflect the comings and goings within the jail during that last hour of the shift.

5

23. Upon information and belief, all employees employed by Greene County at the Greene County Jail are, and were at all times relevant herein, subjected to the same policies and practices as described above.

24. Greene County is an "employer" under both the FLSA and the MMWL as it is a public agency as that term is defined at 29 U.S.C. § 203(e). *See* 29 U.S.C. 203(d); Mo. Rev. Stat. §209.500(3)(l).

25. Plaintiffs, and the classes they seek to represent are all employees under both the FLSA and MMWL.

26. The net effect of Greene County's policies and practices, instituted and approved by County officials and supervisors, is that Greene County willfully fails to pay for all hours worked and thereby incorrectly calculated overtime compensation to its jail employees. Further, Greene County willfully fails to keep accurate time records in order to save payroll costs. Greene County enjoys ill-gained profits at the expense of their employees.

27. Greene County's officials, management-level employees, and supervisors, knew or, through the exercise of reasonable care, should have known that its time-keeping practices were inadequate under the FLSA and MMWL.

**COLLECTIVE ACTION ALLEGATIONS**

28. Plaintiffs brings Count I, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and the following subclasses:

> Persons who (1) filed a consent to join this lawsuit; (2) are currently working or previously worked for Greene County as an hourly employee in the Greene County jail while holding a rank lower than Sergeant for any period of time within three years of the date of consenting to join the suit (plus any time

allowed by the court for tolling of the statute of limitations); and (3) worked more than 80 hours in a two-week time-period.

29. The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

30. Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging, among other FLSA violations, Greene County's practice of failing to accurately record all hours worked and failing to pay employees for all hours worked, and failing to properly pay overtime compensation. The number and identity of other Plaintiffs yet to opt-in and consent to be party plaintiff may be determined from the records of Greene County, and potential class members may easily and quickly be notified of the pendency of this action.

## CLASS ACTION ALLEGATIONS

31. Plaintiffs bring Count II as a class action pursuant to Fed. R. Civ. P. 23 on their own behalf and as the Class Representatives on behalf of the following:

> Persons who (1) are currently working or previously worked for Greene County as an hourly employee in the Greene County jail while holding a rank lower than Sergeant for any period of time within three years of the date of the filing of this Complaint (plus any time allowed by the court for tolling of the statute of limitations); and (2) worked more than 80 hours in a two-week time-period.

32. Plaintiffs' state law claims satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

33. This class is believed to number approximately 300 persons. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct mail.

7

34. There are questions of fact and law common to the class that, under Missouri state law, predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Greene County's actions include, without limitation, the following:

   a. Whether Greene County violated Missouri law when it automatically deducted a 50-minute meal break from every shift regardless of whether such a break was actually afforded to jail employees;

   b. Whether Greene County violated Missouri law by not counting time spent performing work completing report or performing drug tests outside of regularly scheduled work-shifts;

   c. Whether Greene County had a policy and practice of failing to compensate jail employees for all hours worked;

   d. Whether Greene County failed to pay jail employees all of the overtime premium owed for work performed beyond 0 hours in a two-week time-period.

35. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

36. Plaintiff's claims under Missouri state law are typical of those of the class in that class members have been employed in the same or similar positions as Plaintiffs and were subject to the same or similar practices as Plaintiff.

37. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Greene County has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish

incompatible standards of conduct for Greene County, and/or substantially impair or impede the ability of class members to protect their interests.

38. Plaintiffs are adequate representatives of the Missouri class because they are a member of the class and their interests do not conflict with the interests of the members of the class he seeks to represent. The interests of the members of the class will be fairly and adequately protected by Plaintiffs and their undersigned counsel. Counsel are experienced in the litigation of civil matters, including the prosecution of complex wage and hour, employment, and class action cases.

39. Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy. It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

## COUNT I

### Violation of the Fair Labor Standards Act of 1938

**(Brought Against Greene County by Plaintiffs Individually and on Behalf of All Others Similarly Situated)**

40. Plaintiffs re-alleges the allegations set forth above.

41. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

42. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the

9

production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

43. Greene County is, and at all time relevant has been, subject to the overtime pay requirements of the FLSA because public agency as that term is defined at 29 U.S.C. § 203(e).

44. Greene County violated the FLSA by failing to pay count all hours worked by its jail employees which has resulted in an underpayment of both wages and overtime premium pay.

45. Plaintiffs and all similarly situated employees are victims of a common compensation policy.

46. Plaintiffs and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Greene County acted willfully and knew or showed reckless disregard in its violation of the requirements of the FLSA.

47. Greene County has acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA. As a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages as described by Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Greene County acted in good faith in failing to pay its employees overtime compensation, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

48. As a result of these violations of the FLSA's overtime pay provisions, compensation has been unlawfully withheld by Greene County from Plaintiffs and all similarly situated employees. Accordingly, pursuant to 29 U.S.C. § 216(b), Greene County is liable for the unpaid overtime premium pay along with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## COUNT II

## Violation of the Missouri Minimum Wage Law

**(Brought Against Greene County by Plaintiffs Individually and in their Capacity as the Class Representatives on Behalf of All Others Similarly Situated)**

49. Plaintiffs re-allege the allegations set forth above.

50. Greene County violated Missouri law, in relevant part, by failing to count all hours worked by its jail employees which has resulted in an underpayment of both wages and overtime premium pay to Plaintiffs and similarly situated employees as required by Mo. Rev. Stat. § 290.502 and § 290.505.

51. Further, Plaintiffs and similarly situated employees are entitled to recover liquidated damages in an amount equal to two-times their compensatory damages, attorneys' fees, and costs, pursuant to Mo. Rev. Stat. § 290.527.

WHEREFORE, Plaintiffs and all similarly situated employees demand judgment against Greene County and pray this Court:

a. Conditionally certify the federal law claim set forth in Count I above as a collective action pursuant to 19 U.S.C. § 216(b) and issue court-approved notice to all class-members;

11

b. Certify the state law claim set forth in Count II above as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c. Declare Greene County's policy of not counting all hours worked by its jail employees and the resulting underpayment of both wages and overtime premium pay to Plaintiffs and other similarly situated employees overtime illegal under the FLSA and the MMWL;

d. Award Plaintiffs and all similarly situated employees liquidated damages under 29 U.S.C. § 216(b) and Mo. Rev. Stat. § 290.527;

e. Award Plaintiffs and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

f. Award Plaintiffs and all similarly situated employees attorneys' fees and costs as allowed by Section 216(b) of the FLSA and under Mo. Rev. Stat. § 290.527; and

g. Award Plaintiffs and all similarly situated employees such other relief as the Court deems fair and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby request a trial by jury of all issues so triable.

Respectfully submitted,

**LEAR WERTS LLP**

/s/ Todd C. Werts
Bradford B. Lear, Mo. Bar No. 53288
Todd C. Werts, Mo. Bar No. 53204
2003 W. Broadway, Ste. 107
Columbia, MO 65203
Telephone: 573-875-1991
Facsimile: 573-875-1985
Email: lear@learwerts.com
Email: werts@learwerts.com

**CURRAN LAW FIRM, L.L.C.**

/s/ Robert D. Curran
Robert D. Curran, Mo. Bar No. 53440
3516 S. National Avenue
Springfield, MO 65807
Telephone: 417-823-7500
Facsimile: 417-823-7510
Email: rob@curranlawfirm.com

13

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

THOMAS VOORHIS and REGINALD LEWIS, individually, and on behalf of a Class of others similarly situated,

    Plaintiffs,

v.

GREENE COUNTY,

    Defendant.

Case No.

JURY TRIAL DEMANDED

CLASS & COLLECTIVE ACTION

## PLAINTIFF CONSENT FORM

**I WANT TO JOIN THE ABOVE DESCRIBED LAWSUIT** seeking unpaid overtime wages against the above-named defendants. I HEREBY CONSENT to be a party plaintiff in the foregoing action seeking unpaid overtime wages under the FLSA. For purposes of this lawsuit, I choose to be represented by Todd C. Werts of Lear Werts LLP, Rob Curran of the Curran Law Firm, LLC, and by any other attorneys with whom they may associate to make all decisions on my behalf concerning the method and manner of conducting the case including settlement, payment of attorney's fees and court costs, and all other matters pertaining to this lawsuit.

  I understand that the personal information provided on this form will not be used for purposes other than these legal claims.

_____
Signature *(Thomas Voorhis)*

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

| | |
|---|---|
| THOMAS VOORHIS and REGINALD LEWIS, individually, and on behalf of a Class of others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>GREENE COUNTY,<br><br>    Defendant. | Case No.<br><br>JURY TRIAL DEMANDED<br><br>CLASS & COLLECTIVE ACTION |

## PLAINTIFF CONSENT FORM

**I WANT TO JOIN THE ABOVE DESCRIBED LAWSUIT** seeking unpaid overtime wages against the above-named defendants. **I HEREBY CONSENT** to be a party plaintiff in the foregoing action seeking unpaid overtime wages under the FLSA. For purposes of this lawsuit, I choose to be represented by Todd C. Werts of Lear Werts LLP, Rob Curran of the Curran Law Firm, LLC, and by any other attorneys with whom they may associate to make all decisions on my behalf concerning the method and manner of conducting the case including settlement, payment of attorney's fees and court costs, and all other matters pertaining to this lawsuit.

I understand that the personal information provided on this form will not be used for purposes other than these legal claims.

                       */s/ Reginald Lewis*
                       Signature