IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS VOORHIS and REGINALD LEWIS, individually, and on behalf of a class of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GREENE COUNTY, <br><br> Defendant. | Case No. 19-cv-03257-SRB |

**ORDER**

Before the Court is Plaintiffs' Unopposed Motion for Final Approval of Class Settlement. (Doc. #28.) For good cause shown, and as set forth below, the motion is GRANTED.

**WHEREAS**, the Court preliminarily approved the Settlement Agreement on May 1, 2020, finding that "the likelihood of final approval of the Settlement Agreement is sufficient to warrant notice to the class members as specified in the Settlement Agreement." (Doc. # 26, ¶ 5.)

And the Court conducted a final approval and fairness hearing on July 31, 2020.

And having duly considered the motion and supporting memorandum of law and other materials presented with respect to the Settlement addressing the class and collective claims asserted in the litigation under state and federal wage and hour law,

The Court hereby finds that the Settlement is a fair, adequate, and reasonable resolution of a bona fide dispute in contested litigation.

**NOW THEREFORE,** after due deliberation, **IT IS HEREBY ORDERED THAT:**

1. Unless otherwise defined herein, all terms used in this Order (the "Final Approval Order") will have the same meaning as defined in the Settlement Agreement and Release of

Claims ("Settlement Agreement"). The terms of the Settlement Agreement (Doc. #25-2) are hereby incorporated by reference into this Order.

2. This Court has jurisdiction over the subject matter of this action and over all Parties to the action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. This Final Approval Order will be binding on the Settlement Class as defined in the Settlement.

4. The Settlement was negotiated at arm's length after lengthy litigation and is fair, reasonable, and adequate; is in the best interests of the Settlement Class; provides adequate relief to the Settlement Class; treats class members equitably; and should be, and hereby is, approved, especially in the light of the benefits to the class accruing therefrom the discovery, investigation, and litigation conducted by Class Counsel prior to the proposed Settlement, and the complexity, expense, risks and probable protracted duration of further litigation.

5. The Settlement of the Fair Labor Standards Act collective action is approved as a fair and equitable resolution of a bona fide wage and hour dispute. The Settlement is also a fair, reasonable, and adequate resolution of the class action claims. The Settlement is equitable to all parties and is the result of arm's length negotiations by experienced counsel after sufficient discovery.

6. Likewise, the Settlement has the support of Class Counsel and Defendant's Counsel, both of whom have significant experience representing parties in complex class actions.

7. The Court finally approves the Settlement Agreement and the Settlement of the Missouri Minimum Wage Law Class and the Fair Labor Standards Act claims as fair, reasonable, and adequate. Defendant shall pay a total of $750,000.00, plus the employers' share of payroll taxes as set forth in the Settlement Agreement, to resolve this litigation. Defendant shall also

allocate an additional $15,066.96 in compensatory time to account for the allocation issue identified during the notice period.

8.  The formula for allocation of Settlement Payments as set forth in the Settlement Agreement is approved as a fair, equitable, and reasonable measure for calculating and distributing the settlement payments to the Class Representative, and Class Members.

9.  The Notices of Settlement sent to Class Members via mail and email adequately informed the Class of the terms of the Settlement Agreement, the type of relief available, the process available to them to claim, their right to request exclusion from the Settlement and pursue their own remedies, and their opportunity to submit objections and appear and be heard at the Final Approval Hearing. The Notice of Settlement and Class Notice and Claim Form also adequately informed Opt-in Plaintiffs and Class Members of additional resources available to obtain further information, including the telephone number of Class Counsel. The Court finds that the Notice of Settlement and Class Notice and Claim Form satisfied the requirements of Rules 23(c)(2)(B) and 23(e)(1).

10. The Court finds that no Class Member excluded himself or herself from the Settlement following the issuance of Class Notice and no Class Member objected to the Settlement. The absence of any objections to the Settlement by Class Members supports approval of the Settlement.

11. Defendant shall issue payment, through Class Counsel, to all class members in accordance with the Settlement Agreement.

12. All members of the Settlement Class shall conclusively be deemed for all purposes to be permanently barred from commencing, prosecuting, or otherwise maintaining in

any court or forum any action against Defendant for any Released Claims consistent with the terms of the Settlement Agreement.

13. Plaintiffs' request for service payments to Named Plaintiff, who has adequately represented the Class, is hereby approved, and Defendant shall issue such payments, via the Settlement Administrator, in accordance with the Settlement Agreement.

14. Class Counsel has adequately represented the Class. Their application for an award of attorneys' fees and reimbursement of costs as set forth in the Motion for Final Settlement Approval is hereby approved, and Defendant shall issue such payment in accordance with the Settlement Agreement.

This litigation is hereby DISMISSED with prejudice with respect to participating class members without costs to any party, except to the extent otherwise expressly provided in the Settlement Agreement and as otherwise ordered herein.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: July 31, 2020